UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

D.C.C., SR. (XXX-XX-8209)            CIVIL ACTION NO. 15-cv-1648

VERSUS

SOCIAL SECURITY ADMINISTRATION     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

D.C.C. ("Plaintiff") was born in 1968, has a limited education, and has work experience that includes roughneck and surveyor helper. Plaintiff had surgery to treat early stage laryngeal cancer, and he now has a raspy, hoarse voice. He also suffers from COPD and a depressive disorder.

Plaintiff applied for disability benefits. ALJ Charlotte A. Wright held a hearing and issued a written decision that Plaintiff was not disabled. The Appeals Council denied a request for review, and Plaintiff filed this civil action to seek judicial review. The parties filed written consent to have the case decided by the undersigned magistrate judge, and an order of reference was entered pursuant to 28 U.S.C. § 636(c).

Plaintiff raises two issues on appeal. He contends that the ALJ (1) should have submitted Plaintiff's valid objections to the VE's testimony for a response and (2) should have provided a meaningful explanation for overruling Plaintiff's objections to the VE's

testimony about calculating the number of available jobs. For the reasons that follow, the Commissioner's decision will be reversed.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Relevant Facts**

The ALJ found that Plaintiff had the RFC to perform light work subject to some additional postural limitations, the inability to work around pulmonary irritants, and the ability to only occasionally respond appropriately to supervisors, co-workers, and the public. Most important to this appeal, the ALJ found that Plaintiff was limited to being able to understand, remember, and carry out simple, routine, repetitive tasks.

VE Phunda Yarbrough testified at the hearing. The ALJ asked Plaintiff's representative if she had any objection to the VE's qualifications. Counsel responded: "Only as to her ability to count the number of jobs in the national economy, your Honor." The ALJ

asked the VE a hypothetical that involved a person with the RFC to perform light work, subject to the additional limitations in the RFC, and with the person limited to simple, routine, and repetitive tasks. The VE testified that such a person would not be able to perform Plaintiff's past work.

The ALJ then asked the VE whether there were other jobs in the national economy that such a person could perform. The VE identified router (DOT No. 222.587-038; 50,609 positions nationally); merchandise marker (DOT No. 209.587-034; 319,757 national positions) and silver wrapper (DOT No. 318.687-018; 106,975 national positions). The ALJ asked whether that testimony was consistent with the Dictionary of Occupational Titles ("DOT"), and the VE said that it was.

Counsel for Plaintiff asked the VE if the "judge's limitations to simple and repetitive routine tasks would preclude the ability to carry out detailed or written and oral instructions, correct?" The VE answered, "Yes." Counsel also asked the VE about her data sources for the number of available jobs. The VE said she relied on the Department of Labor, classification jobs, local resources, and Job Browser Pro. Counsel then questioned the VE about Job Browser Pro and how it pulls together the information it provides. The VE said that it was software that anyone could purchase and that it gets its "information from the Department of Labor."

The ALJ asked counsel if she had any more questions, and counsel said she did not. There had been discussion earlier in the hearing that Plaintiff had a medical appointment in

early July that could provide relevant information. The ALJ said that she would hold the case open until July 15 "for record updates." She said she would then review all the records again and issue a decision as soon as possible. Counsel was asked if there was anything else, and she said no. The ALJ announced that the hearing was "closed."

Counsel for Plaintiff later filed a post-hearing memorandum dated July 18, 2014. The memorandum raised a number of objections, including a challenge to the reliability of the Job Browser Pro software and the ability of Plaintiff to perform the identified jobs given his limitation to simple and repetitive tasks. The memorandum pointed out that the jobs of marker, router, and silver wrapper all have a reasoning level of two in the DOT. Level two is defined as "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." Plaintiff argued that this was inconsistent with an RFC limited to remembering and carrying out simple, routine, repetitive tasks, as well as the VE's testimony that the limitation would preclude the ability to carry out detailed instructions. Plaintiff argued that this inconsistency required further clarification and explanation in accordance with Social Security Ruling 00-4p.

**Analysis**

Social Security Ruling 00-4p states that the agency "most often use VEs to provide evidence at a hearing before an ALJ," but neither the DOT nor the VE automatically "trumps" when there is a conflict. The ALJ should, if there is a conflict, elicit a reasonable

explanation from the VE before she relies on the VE testimony. The Ruling states that reasonable explanations for conflicts may include the VE's experience in job placement or career counseling. It adds that the DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. Accordingly, a VE may be able to provide more specific information about jobs than the DOT.

Any conflict between the testimony of a VE and the DOT must be explored on cross examination in the agency proceedings. The Fifth Circuit has stated that claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of a VE and the voluminous and complex provisions of the DOT, and then present that conflict as reversible error when the conflict was not deemed sufficient to merit cross-examination in the administrative hearing. Carey v. Apfel, 230 F.3d 131, 146-47 (5th Cir. 2000); White v. Astrue, 240 Fed. Appx. 632, 634 (5th Cir. 2007).

Plaintiff's counsel did not cross examine the VE on this particular issue at the hearing itself, but the conflict was squarely raised in the post-hearing memorandum. There was no reference at the hearing to the future filing of a memorandum. The regulations provide that a representative may appear before an ALJ to, among other things, enter written statements about the facts and law material to the case. 20 C.F.R. § 404.949, 416.1449. The HALLEX provides in I-2-6-76 that after all testimony is presented, the ALJ must offer the claimant and his representative an opportunity to submit a brief within a reasonable time after the hearing.

It also states that, upon request, the ALJ shall allow claimants reasonable time to present oral arguments or file briefs or other written statements of fact or law. It does not appear that procedure was specifically followed in this case, but it does appear that Plaintiff was entitled to a reasonable opportunity to file a post-hearing brief. In any event, the undersigned finds that the promptly filed brief, lodged only a few days after the deadline for supplemental medical records, was sufficient to raise the conflict within the administrative process and allow the Agency a fair opportunity to address the issues.

The ALJ did not specifically address the conflict or other arguments raised in the brief. She did state generally that she had "considered the objections raised" by Plaintiff as to the VE's opinion, but she overruled the objections because the VE "is a highly qualified vocational expert recognized by the Administration, and who testified that given all of these factors the individual would be able to perform the requirements of" the three identified jobs. The ALJ then cited SSR 00-4p and said that she had determined that the VE's testimony "is consistent with the information contained in the Dictionary of Occupational Titles."

The undersigned finds that there was not an adequate explanation, by the VE or the ALJ, with respect to the potential conflicts between the VE's testimony and the DOT. The Commissioner argues on appeal that at least one case has stated that a limitation to performing only simple, repetitive tasks can be consistent with reasoning level two. Perhaps that could be explained by the VE, but it did not happen in this case. The conflict here is significant enough that it warranted further discussion by written interrogatories or a

supplemental hearing to have the VE explain how Plaintiff could perform the demands of the identified jobs despite the limitation that she testified would preclude the ability to carry out detailed instructions.

The decision, as presented, is not supported by substantial evidence, so reversal and remand are in order. Plaintiff has raised other objections to the VE's method of counting the number of available jobs. Plaintiff and the Agency will be free to further explore that issue, or any other relevant issues, on remand. For these reasons, the Commissioner's decision is reversed and, pursuant to sentence four of 42 U.S.C. § 405(g), this case will be remanded to the Commissioner for further proceedings.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of March, 2016.

_____
Mark L. Hornsby
U.S. Magistrate Judge